IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, : | |
|     Plaintiff : | Case No. 2:04-cr-163(2) |
| v. : | Judge Graham |
| Dontario Boyd, aka Oz, aka Eyes, : | Magistrate Judge Abel |
|     Defendant : | |

**REPORT AND RECOMMENDATION**

The United States of America and defendant Dontario Boyd, entered a plea agreement for defendant to enter a plea to Count 1 of a superseding indictment charging him with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846 .  Defendant Boyd consented under 28 U.S.C. § 636(b)(3) to enter a guilty plea before a magistrate judge.[1]  He entered his guilty plea on February 14, 2005.

---

[1]See, *United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001)(H: No merit to defendant's argument that the magistrate judge lacked jurisdiction to accept his guilty plea when the defendant expressly consented to being arraigned before the magistrate judge and he did not file any objection to the Report and Recommendation that the guilty plea be accepted); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997), *cert. denied,* 522 U.S. 1151 (1998); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir..), *cert. denied,* 517 U.S. 1215 (1996); *United States v. Williams,* 23 F.3d 629, 632-24 (2d Cir.), *cert. denied,* 513 U.S. 1045 (1994).  See, *United States v. Bearden,* 724 F.3d 1031, 1037-38 (6th Cir. 2001)(H: Recommendation of magistrate judge, who took defendant's *nolo contendre* plea with his consent, that the plea be accepted is not binding on the district judge).

During the plea proceeding, I observed the appearance and responsiveness of the defendant in answering questions. Based on that observation, I am satisfied that at the time he entered his guilty plea the defendant was in full possession of his faculties, that he was not suffering from any apparent physical or mental illness, and that he was not under the influence of narcotics or alcohol.

Before accepting defendant's plea, I addressed him personally in open court and determined his competence to plead. I determined that defendant understands the nature and meaning of the charge and the consequences of the plea. I further addressed defendant personally in open court and advised him of each of the rights referenced in Rule 11(c)(1) through (5), Fed. R. Crim. P.

I addressed the defendant personally in open court as required by Rule 11(d) and determined that his plea was voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney, and plaintiff's attorney on January 11, 2005 represents the only promises made to him by anyone regarding the charges in the information. Defendant was advised that the Court may accept or reject the plea agreement. He acknowledged that the Court can accept or reject the recommendations in the plea agreement affecting the calculation of the sentencing range under the Sentencing Guidelines and that he cannot withdraw his plea if the Court fails to follow those recommendations and imposes a greater

sentence than he expected.

Defendant stated that the investigating officer's statement of the facts supporting the charge was accurate.  He stated that he pleaded guilty because he is in fact guilty of the offense charged.  I addressed the defendant personally in open court and determined that there was a factual basis for the plea.

I determine that his plea of guilty was knowingly and voluntarily made with an understanding of the nature and meaning of the charge and the consequences of his plea.  It is RECOMMENDED that defendant Dontario Boyd's guilty plea be accepted.  Decision on acceptance or rejection of the plea agree-ent was deferred for consideration by the District Judge after a presentence report is prepared.

In accordance with S.D. Ohio Crim. Rule 32.1, a written presentence report will be prepared by the Probation Office.  Defendant will be asked to give information.  His attorney may be present if defendant wishes.  Objections to the report must be made in accordance with S.D. Ohio Crim. Rule 32.1(c) through (e).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C.

§636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001*); Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge